UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERI BASTIAANS,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

No.  2:24-cv-3107 AC

**ORDER**

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.  The matter will be reversed and remanded to the Commissioner for further proceedings.

I.  PROCEDURAL BACKGROUND

Plaintiff applied for DIB on August 19, 2021.  Administrative Record ("AR") 823-24.[2] The disability onset date was alleged to be March 18, 2019.  Id.  The application was disapproved

_____

[1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2]  The AR is electronically filed at ECF Nos. 13-3 to 13-13 (AR 1 to AR 506).

1

initially and on reconsideration.  AR 730-34, 738-43.  On March 13, 2023, ALJ Plauche F. Villere presided over the hearing on plaintiff's challenge to the disapprovals.  AR 682-703 (transcript).  Plaintiff, who appeared with her counsel Jonathan Hendricks, was present at the hearing.  AR 684.  On December 8, 2023, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 35-49 (decision), 50-54 (exhibit list).  On September 24, 2024, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-5 (decision and additional exhibit list).

Plaintiff filed this action on November 8, 2024.  ECF No. 1; see 42 U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 16.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner (ECF No. 11), have been fully briefed.  ECF Nos. 12 (plaintiff's summary judgment motion), 14 (Commissioner's summary judgment motion), 15 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1975, and accordingly was a younger person under the regulations, when she filed her application.[3]  AR 47, 823.  Plaintiff has at least a high school education. AR 688.  Plaintiff has work history as a hairdresser.  AR 842.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance."  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the

---

[3]  See 20 C.F.R. § 404.1563(c) ("younger person").

2

record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

3

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

////

////

4

V.  THE ALJ's DECISION

The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2020.

2. [Step 1] The claimant did not engage in substantial gainful activity during the period from her alleged onset date of March 18, 2019 through her date last insured of March 31, 2020 (20 CFR 404.1571 *et seq*.).

3. [Step 2] Through the date last insured, the claimant had the following severe impairments: deep infiltrating endometriosis; interstitial cystitis (IC); irritable bowel syndrome (IBS); pelvic floor dysfunction; pseudogout arthritis; anxiety; and depression (20 CFR 404.1520(c)).

4. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except use of feet for foot controls bilaterally and all postural frequently; noise level loud (heavy traffic); simple repetitive routine tasks in a low stress predictable environment, occasional contact with others, no quota, pace or teamwork requirements.

6. [Step 4] Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. [Step 5] The claimant was born [in 1975] and was 44 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a)

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from March 18, 2019, the alleged onset date, through March 31, 2020, the date last insured (20 CFR 404.1520(g))

AR 40-49.  As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act.  AR 49.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by improperly omitting significant medical findings from one of plaintiff's physicians that he found credible, and by failing to provide legally sufficient reasons for discounting plaintiff's subjective testimony.  AR 12 at 3-14.  Plaintiff argues the failure was harmful, and that the case should be remanded to the Commissioner for further proceedings.  Id.  The Commissioner argues that the ALJ did not err.  ECF No. 14.

### A.  The ALJ Erred by Failing to Incorporate an Accepted Medical Opinion

Plaintiff asserts that the ALJ committed reversible error by omitting from the RFC key limitations assigned by psychological examiner Dr. Keith Whitten, despite crediting the medical opinion overall.  ECF No. 12 at 10.  The undersigned agrees.  "Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them."  Sahyoun v. Saul, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *3, 2020 U.S. Dist. LEXIS 54098 (E.D. Cal. Mar. 27, 2020); see also, Phounsavath v. Comm'r of Soc. Sec., No. 1:23-cv-01436-HBK, 2025 U.S. Dist. LEXIS 40778, 2025 WL 719297 (E.D. Cal. Mar. 5, 2025) (same); Lamar v. Comm'r of Soc. Sec., No. 1:24-cv-00504-EPG, 2025 U.S. Dist. LEXIS 15042, at *7, 2025 WL 318294 (E.D. Cal. Jan. 28, 2025) (same).

Here, the ALJ's found Dr. Whitten's opinion persuasive.  AR 46, 47 citing AR 1896-1904 (Dr. Whitten's opinion).  The ALJ included the following mental health limitations assessed by Dr. Whitten in the residual functional capacity: simple repetitive routine tasks in a low stress predictable environment; occasional contact with others; no quota, pace, or teamwork requirements.  AR 43, ¶ 5.  However, the ALJ omits, without explanation, the following restrictions identified by Dr. Whitten: (1) plaintiff's moderate impairment in ability to perform

6

work activities on a consistent basis without special supervision, and (2) plaintiff's mild-to-moderate impairment in ability to maintain regular attendance and complete a normal workday/workweek without interruptions from a psychiatric condition due to her bipolar symptoms. AR 1903.

On its face, it is plain that the RFC does not address limitations regarding special supervision or attendance. AR 43, 46. The ALJ acknowledged that Dr. Whitten assessed these limitations (AR 46), but nonetheless he did not include related restrictions in the RFC (AR 43) or provide reasons for excluding them. The ability to perform work activities on a consistent basis without special supervision and/or maintain attendance and complete a normal workday/workweek without interruptions from a psychiatric condition can be significant limitations, and it is necessary to specifically address such limitations when they are assessed by a provider whose opinion was found credible. See Macias v. Saul, No. 1:19-CV-01187-BAM, 2021 U.S. Dist. LEXIS 43161, 2021 WL 856423, at *6 (E.D. Cal. Mar. 8, 2021) (collecting cases noting that limitation to simple tasks does not account for moderate limitations, such as working on a consistent basis without special or additional instruction and completing a normal workday or workweek without interruptions from a psychiatric condition); see also, e.g., Joanna C. v. Kijakazi, No. 2:22-cv-01601-MAA, 2023 U.S. Dist. LEXIS 86909, 2023 WL 4503524, at *3 (C.D. Cal. May 17, 2023).

The Commissioner argues that the functional restrictions the ALJ does include in the RFC (repetitive routine tasks in a low-stress predictable environment, occasional contact with others, no quota, and no pace or teamwork requirements) "more than adequately captured the persuasive opinion of Dr. Whitten." ECF No. 14 at 6. To support this assertion, the Commissioner cites the Ninth Circuit case Hoopai v. Astrue, pulling the quote "We have not previously held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation." 499 F.3d 1071, 1077 (9th Cir. 2007); ECF No. 14 at 6-7. This citation is misplaced; in Hoopai, the Circuit Court was not assessing a question similar to the one presented here. Instead, the Court was analyzing whether, under the factual circumstances presented in that case, substantial evidence supported an ALJ's

determination that a physician's finding of mild to moderate depression was "not a sufficiently severe non-exertional limitation that prohibited the ALJ's reliance on the grids without the assistance of a vocational expert." 499 F.3d 1071, 1077 (9th Cir. 2007). Hoopai is simply off topic.

The question here is simple: did the ALJ impermissibly omit functional limitations included in an otherwise-accepted physician from the RFC without explanation? He did. There is ample case law stating that a mild to moderate limitation to maintain attendance and complete a normal workday/workweek without interruptions from a psychiatric condition can be a substantial limitation, and that functional restrictions on the complexity of tasks does not address attendance and supervision restrictions. See, e.g., Donna M. v. Saul, No. 19-CV-03134-DMR, 2020 WL 6415601, at *4, 2020 U.S. Dist. LEXIS 204573 (N.D. Cal. Nov. 2, 2020) (collecting cases and finding that limitation to simple, routine tasks with no public interaction in RFC failed to address other moderate limitations, such as plaintiff's ability to relate to and interact with coworkers, associate with day-to-day work activity, maintain regular attendance in the workplace and perform work activities on a consistent basis, and perform work activities without special or additional supervision). The undersigned concludes that the ALJ erred by accepting Dr. Whitten's opinion but excluding from the RFC without explanation certain limitations assessed by Dr. Whitten.

### B. The ALJ Improperly Rejected Plaintiff's Subjective Testimony

Plaintiff alleges, as a second basis for remand, that the ALJ failed to properly consider her subjective testimony. ECF No. 12 at 19-28. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal

citations omitted).  Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted).  The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."  Id. at 1016.

The ALJ's opinion states that plaintiff's pain testimony is reflected in the RFC "[t]o the extent that her testimony is consistent with" the medical evidence and is otherwise rejected.  AR 46-57.  The ALJ explained that "pieces of evidence suggest that the claimant's symptoms may not be accurately reported, may not exist at the level of severity alleged, and/or may have other mitigating factors against their negative impact on the claimant's ability to engage in work activity."  AR 46.  The only specific undermining factor the ALJ cited is that "the claimant's condition improved with her naturopathic treatment."  AR 46, citing AR 988-1075 (office treatment records from Revolutions Neuropathic from 3/19/2019-9/23/2020) and AR 1390-1507 (office treatment records from Revolutions Neuropathic from 3/19/2019-7/1/2022).

The ALJ's reasons for discounting plaintiff's subjective testimony are legally insufficient. "An ALJ must identify the specific testimony that lacks credibility, provide clear and convincing reasons why the testimony is not credible, and identify the specific evidence in the record which supports the ALJ's determination."  Talbot v. Colvin, No. SACV 14-1935 JC, 2015 WL 5826808, at *4 (C.D. Cal. Sept. 30, 2015).  Here, the ALJ's articulated rationale is simply a conclusory statement that objective medical evidence does not support the testimony.  AR 44 ("the evidence of record does not support the alleged severity of symptoms and degree of limitations."); AR 47 ("To the extent that her testimony is consistent with that evidence, it is reflected in the residual functional capacity.").  To support this conclusion, the ALJ cites large swaths of medical records without identifying any specific portion that undermines any specific testimony from plaintiff. Though evidence of improvement with treatment may support discrediting a plaintiff's subjective testimony, the ALJ failed to explain why it does so here.  The analysis is legally insufficient.

C.  Remand

The undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary.  An error is harmful when it has some consequence on the ultimate non-disability determination.  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006).  The ALJ's error in this matter was harmful; plaintiff's subjective testimony, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.  Additionally, consideration of the full scope of Dr. Whitten's accepted opinion may alter the RFC.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act.  See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court").  "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Here, the ALJ failed to properly consider plaintiff's testimony.  Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 12), is GRANTED;

2.  The Commissioner's cross-motion for summary judgment (ECF No. 14), is DENIED;

3.  This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4.  The Clerk of the Court shall enter judgment for plaintiff and close this case.

DATED: January 16, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10